# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN WEISER**,<br><br>Plaintiff,<br><br>*v.*<br><br>**GREAT AMERICAN INSURANCE COMPANY,**<br><br>Defendant. | **CIVIL ACTION**<br><br>**NO. 19-1218-KSM** |

## MEMORANDUM

**Marston, J.**                                                                                                                                    **April 13, 2020**

      Plaintiff John Weiser brings claims for breach of contract and bad faith against Defendant Great American Insurance Company for refusing to pay benefits under a lender-placed policy that Great American issued to Weiser's mortgage company, Pennsylvania Housing Finance Agency (PHFA). Great American moves to dismiss the complaint, arguing that Weiser lacks standing to assert either claim because he is neither an insured under the policy nor a third-party beneficiary to the contract between Great American and PHFA.

I.

      Weiser owns the property located at 2844 Nestling Road in Philadelphia, which is subject to the lender-placed insurance policy that PHFA secured from Great American. (Doc. No. 1-1 at ¶ 3; Doc. No. 4 at p. 3.) Although Weiser pays the monthly premium for the policy, PHFA is listed as the "Named Insured," and Weiser, as the borrower or mortgagor, is considered an additional insured only "to the extent of [his] equity interest in Coverage D and for liability protection under Coverage E and F." (Doc. No. 3-4 at pp. 1–2 & 4; Doc. No. 4 at p. 6.)

Coverage D relates to "Loss of Use," Coverage E to "Premises Liability," and Coverage F to "Medical Payments." (Doc. No. 3-4 at p. 4.) Weiser is not considered an additional insured for "Coverage A – Dwelling," "Coverage B – Other Structures," or "Coverage C – Personal Property." (*Id.*) An addendum to the policy also states that Weiser, as "[t]he borrower or mortgagor[,] has no insurable interest under this policy as a Named Insured, Additional Named Insured or Additional Insured." (*Id.* at p. 18.)

On March 2, 2017, Weiser alleges that wind caused damage to his residence in the form of "wind damage to the walls, ceilings and the like." (Doc. 1-1 at ¶ 9.) Weiser asserts that this damage was covered by the lender-placed insurance policy that the PHFA had in effect with Great American. Weiser reported the loss to Great American. (*Id.* at ¶ 7.) Great American denied his claim, and Weiser filed suit in Pennsylvania state court, asserting claims for breach of contract and bad faith under the insurance policy. (*Id.*) Great American removed the case to this Court (Doc. No. 1) and filed a motion to dismiss the complaint, arguing that Weiser lacks standing because he is neither a named insured under the policy nor a third-party beneficiary to the contract between Great American and PHFA (Doc. No. 3). Weiser responds that he has standing under the contract as a third-party beneficiary because he owns the property and pays the monthly premiums for the lender-placed policy. (Doc. No. 4.)

II.

In deciding a motion to dismiss under Rule 12(b)(6), the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2

Although we must accept as true the allegations in the complaint, we are not "compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Group*, 863 F.3d 259, 263 (3d Cir. 2017) (quotation marks omitted).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "However an exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Id.* (quotation marks and alterations omitted). Similarly, the Court "may consider an undisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (considering the parties' purchase and sale agreement). Because Weiser's claims for breach of contract and bad faith are based on the lender-placed policy (Doc. No. 3-4), we may consider the policy in deciding this motion to dismiss.[1]

### III.

Great American contends that Weiser lacks standing to bring breach of contract and bad faith claims because he is neither an insured under the insurance policy nor a third-party beneficiary. (Doc. No. 3 at ¶¶ 4, 9.) We address Weiser's breach of contract claim before turning to his claims for bad faith.

---

[1] Because they are not integral to Weiser's claims, we do not consider the notice letter from PHFA to Weiser, which Weiser attaches to his response brief, (Doc. No. 4 at p. 10) or the Notice of Insurance that Great American sent to Weiser, which both Weiser and Great American attach to their briefs on the Motion to Dismiss (Doc. No. 3-5; Doc. No. 4 at p. 12).

A.

Weiser argues that his breach of contract claim survives the motion to dismiss because issues of fact remain as to "the status of [his] coverage" under the lender-placed policy. (Doc. No. 4 at 4.) "In interpreting an insurance policy, a court must ascertain the intent of the parties as manifested by the language of the written agreement." *Stevens Painton Corp. v. First State Ins. Co.*, 746 A.2d 649, 657 (Pa. Super. Ct. 2000). "The words of the instrument must be construed in their natural, plain, and ordinary sense," and if the "policy language is clear and unambiguous, the court must give effect to the language of the contract." *Id.* The lender-placed policy unambiguously identifies PHFA as the only party insured under the two coverages arguably at issue here — Coverage A, which covers damage to the dwelling, and Coverage C, which covers damage to personal property.[2]

The declarations page of the policy lists PHFA — not Weiser — as the "Named Insured." (Doc. No. 3-4 at pp. 1–2 & 4.) And the building and personal property coverage form refers to the declarations page, defining the terms "you" and "your," which are used throughout the policy, as referring to "the Named Insured shown in the Declarations." (Doc. No. 3-4 at p. 5.) The declarations page also clarifies that although Weiser is considered an "Additional Insured to the extent of [his] equity interest in Coverage D and for liability protection under Coverage E and F," he is not considered an additional insured for purposes of "Coverage A – Dwelling," or "Coverage C – Personal Property." (Doc. No. 3-4 at p. 4.) Further, to eliminate any doubt, the policy states that Weiser, as the "borrower or mortgagor[,] has no insurable interest under this

---

[2] Weiser alleges that he suffered "wind damage to the walls, ceilings and the like" of the home. (Doc. No. 1-1 at ¶ 9.) Coverage A covers "the dwelling on the 'residence premises' shown in the Declarations, including structures attached to the dwelling; and [m]aterials and supplies located on or next to the 'residence premises' used to construct, alter or repair the dwelling or other structures on the 'residence premises'." (Doc. No. 3-4 at p. 59.) Coverage C covers "personal property, usual to the occupancy of a dwelling, owned or used by an 'insured' while it is located on the 'residence premises'." (*Id.* at p. 60.)

4

policy as a Named Insured, Additional Named Insured or Additional Insured."[3] (Doc. No. 3-4 at p. 18.)

Weiser argues that because certain provisions of the policy "apply only to the property owner," they "should be applicable to [him], as his property is the one subject to coverage." (Doc. No. 4 at p. 5.) Weiser asserts that this language adds ambiguity to the contract, making it "near impossible to determine which provisions of the policy apply to Pennsylvania Housing Finance Agency and which apply to plaintiff." (*Id.* at p. 6.) Although some provisions in the policy do reference the owner of the insured location or the resident of the home, (s*ee, e.g.*, Doc. No. 3-4 at p. 59 (defining "Residence premises" as the dwelling or building "where you reside")) we do not agree that this creates ambiguity about whether Weiser is considered an "insured" under the dwelling and personal property provisions of the policy. *See Pacific Indem. Co. v. Linn,* 766 F.2d 754, 760-61 (3d Cir. 1985) (holding that the "language of a policy may not be tortured, however, to create ambiguities where none exist"); *cf. Richard v. Fin. of Am. Mortg., LLC*, No. 3:18-cv-559, 2019 WL 1980693 (M.D. Pa. May 3, 2019) (slip opn.) (finding that an endorsement providing coverage for the contents of the home did not create ambiguity in lender-placed policy because the endorsement only "applies in instances where the mortgagee ends up obtaining an ownership interest in the property"). The declarations page states that Weiser, as the borrower or mortgagor, is considered an "Additional Insured" only "to the extent of [his] equity interest in Coverage D and for liability protection under Coverage E and F." (Doc. No. 3-4 at p. 4.) Therefore, only Coverages D, E, and F apply to Weiser.[4]

---

[3] The Court notes that this provision appears to conflict with the language that states Weiser is an additional insured under Coverages D, E, and F. But because those coverages are not at issue, we do not address this apparent contradiction further. The policy is unambiguous as to Coverage A and Coverage C, the two provisions that are arguably relevant here. Nothing in the policy suggests that Weiser is an insured under either Coverage.

[4] Weiser argues that the Notice of Insurance also creates ambiguity because it lists his name and address under "Item 1: Insured Name and Location (Insured Location)." (Doc. No. 4 at p. 5.) Even if we were to consider

5

Weiser argues that even if he is not an insured under the dwelling and personal property provisions, he may maintain a breach of contract claim as a third-party beneficiary to the contract. (Doc. No. 4 at p. 5.) Pennsylvania courts recognize two tests for determining whether a party is a third-party beneficiary. First, a party becomes a third-party beneficiary when "both parties to the contract express an intention to benefit the third party in the contract itself." *Scarpitti v. Weborg*, 609 A.2d 147, 150 (Pa. 1992). Nothing in the insurance policy suggests that Great American or PHFA intended for Weiser to benefit under the dwelling and personal property provisions of the policy. To the contrary, the policy shows the clear intent of the parties to exclude Weiser from those provisions, stating that he is an "Additional Insured to the extent of [his] equity interest in Coverage D and for liability protection under Coverage E and F," and that he "has no insurable interest under this policy as a Named Insured, Additional Named Insured or Additional Insured." (Doc. No. 3-4 at p. 18.)

Second, when the parties have not expressed an "intention to benefit the third party in the contract itself," the court uses a two part test to determine whether an individual should be considered a third party beneficiary: "(1) the recognition of the beneficiary's right must be 'appropriate to effectuate the intention of the parties,' and (2) the performance must satisfy an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *Scarpitti*, 609 A.2d at 150 (quoting *Guy v. Liederbach*, 459 A.2d 744, 751 (Pa. 1983)). "The first part of the test sets forth a standing requirement which leaves discretion with the court to determine whether

---

the Notice of Insurance in deciding this motion to dismiss, the Notice states in red that it is not part of the insurance policy: "This Notice of Insurance neither amends, extends, nor alters the coverage afforded by the policy which it describes." (Doc. No. 3-5.) And we cannot look to its terms to create ambiguity in an otherwise unambiguous contract. *See Seven Springs Farm, Inc. v. Croker*, 748 A.2d 740, 744 (Pa. Super. Ct. 2000) ("When the language of a contract is unambiguous, we must interpret its meaning solely from the contents within its four corners, consistent with its plainly expressed intent." (citations omitted)).

recognition of third-party beneficiary status would be appropriate." *Id.* "The second part defines the two types of claimants who may be intended as third-party beneficiaries." *Id.* "If a party satisfies both parts of the test, a claim may be asserted under the contract." *Id.*

It would be inappropriate in this case to find that Weiser is a third-party beneficiary. He has alleged no facts that suggest Great American and PHFA intended for him to benefit under the dwelling and personal property provisions of the agreement. *Kirschner v. K & L Gates LLP*, 46 A.3d 737, 762 (Pa. Super. Ct. 2012) (explaining that even under this test, the party seeking status as a third-party beneficiary "must show that both parties to the contract so intended, and that such intent was within the parties' contemplation at the time the contract was formed" (quotation marks omitted)). Weiser argues that he is entitled to some benefit under the policy because he owns the property and pays the monthly premiums for the policy, but neither fact shows an intent on the part of Great American or PHFA to benefit Weiser. To the contrary, it was the parties' express intent that Weiser would receive no benefit under the dwelling and personal property provisions of the policy.

At least two other courts, interpreting Pennsylvania law, have dismissed breach of contract claims brought by homeowners under similar policies. *See Ruger v. QBE Ins. Corp.*, No. 3226 EDA 2011, 2013 WL 11266161 (Pa. Super. Ct. Apr. 12, 2013); *see also Richard*, 2019 WL 1980693 (adopting Report and Recommendation). In *Ruger* the plaintiff owned a condominium that sustained smoke damage when a fire broke out in the basement of an adjoining unit. *Ruger*, 2013 WL 11266161 at *1. The owner filed a claim for the loss in value to his property under an insurance policy maintained by the townhome association. *Id.* The trial court found that the owner was neither an insured under the policy nor a third-party beneficiary and granted summary judgment in favor of the insurance company on the owner's breach of

contract claim. *Id.*

On appeal, the Superior Court affirmed. *Id.* The court looked to the text of the insurance policy between the association and the insurance company and found that the declarations page identified the association, not owners of individual units, as the named insured under the policy. Similarly, the declarations page defined the terms "you" and "your" as used throughout the policy to refer only to the association. *Id.* at *3. "Giving effect to that language" the appellate court agreed that the owner "was not an insured under the policy" and that his breach of contract claim failed. *Id.* The court also held that "the trial court did not err in refusing to confer third party beneficiary status" upon the owner because there was no intent on the part of the contracting parties to benefit individual unit holders. *Id.* at *4. The policy stated that no third persons "having custody of 'covered property' will benefit from this insurance.'" *Id.* And it was clear that the association's intent in contracting with the insurance company was to comply with its bylaws, which required insurance over common areas, and "not to benefit the individual unit holders, such as Appellant." *Id.*

The Middle District of Pennsylvania similarly dismissed a breach of contract claim brought by a homeowner under a lender-placed policy. *Richard*, 2019 WL 1980693 at *1. In *Richard*, the homeowner filed a claim under the lender-placed policy for water damage to his home, which the insurance company, Great American, denied in part. *Id.* at *2. The court dismissed the owner's breach of contract claim after finding that he was neither an insured under the policy nor a third-party beneficiary to it. *Id.* at *5. The court looked to the terms of the policy and found that only the mortgagee was listed as the named insured in the policy. *Id.* The policy also included a disclaimer that "[u]nless indicated otherwise by endorsement, this policy does not provide coverages . . . for the interest or equity of the mortgagor." *Id.* (quoting the

8

policy). The court also concluded that the homeowner was not a third-party beneficiary to the contract. *Id.* The owner argued that he was a beneficiary because the policy authorized the owner to submit a claim on behalf of the mortgagee and because Great American made payments on the claims that he submitted. *Id.* But the court labelled that argument a "logical non-sequitur," finding that neither fact "demonstrate[s] that either Great American or [the mortgagee], let alone both entities, intended at the time they entered into the insurance contract that [the homeowner] should be a beneficiary of the forced-placed insurance policy." *Id.*

Like the homeowners in *Ruger* and *Richard*, Weiser has alleged no facts from which we can infer that Great American or PHFA intended for him to benefit from the dwelling and personal property provisions of the policy. Because Weiser is neither an insured under those provisions nor a third-party beneficiary, his breach of contract claim fails.

B.

In addition to his breach of contract claim, Weiser also brings claims for statutory and common law bad faith.

1.

Pennsylvania's bad faith statute, 42 Pa.C.S.A. § 8371, allows the court to award interest, punitive damages, court costs, and attorney's fees against an insured if it finds that "the insurer has acted in bad faith toward the insured." "Pennsylvania law makes clear that" under this statute "the insurer's duty to act in good faith belongs to those persons who qualify as 'insureds' under the policy." *Seasor v. Liberty Mut. Ins. Co.*, 941 F.Supp. 488, 490 (E.D. Pa. 1996); *see also Strutz v. State Farm Mut. Ins. Co.*, 609 A.2d 569, 571 (Pa. Super. Ct. 1992) ("We agree with the trial court [that] the duty to negotiate a settlement in good faith arises from the insurance policy and is owed to the insured, not to a third-party claimant.").

9

Weiser argues that his statutory bad faith claim should survive the motion to dismiss because he is a third-party beneficiary to the contract and because the complaint alleges that Great American denied his claim without a reasonable basis to do so. (Doc. No. at pp. 6–7.) But, as discussed above, Weiser is neither an insured under the relevant provisions of the policy, nor a third-party beneficiary. Because he cannot meet this requirement, he cannot assert a claim for statutory bad faith. *See* 42 Pa.C.S.A. § 8371 (authorizing claims by an insured when the "insurer has acted in bad faith *toward the insured*" (emphasis added)); *Richard*, 2019 WL 1980693 at *5 ("Thus, by the express terms of the Great American policy, Richard is not a party to the policy and cannot bring a claim for breach of contract or bad faith against Great American"). It is immaterial that Weiser may have sufficiently alleged facts to support the other elements of the bad faith cause of action.

2.

Last, Weiser brings a claim that he has labeled "common law bad faith." (Doc. No. 1-1 at ¶ 19.) As an initial matter, we note that in Pennsylvania "no common law tort remedy exists for bad faith by an insurer." *CRS Auto Parts, Inc. v. Nat'l Grange Mut. Ins. Co.*, 645 F.Supp.2d 354, 364 (E.D. Pa. 2009). Instead, Pennsylvania recognizes two types of "bad faith" claims. *Id.* "The first consists of a statutory bad faith tort claim under 42 Pa.C.S. § 8731." *Id.* "The second involves a contract claim for breach of the implied contractual duty to act in good faith, which is separate and distinct from the statutory bad faith claim." *Id.* Assuming for the sake of argument that Weiser intended to assert a contract claim for breach of the implied duty of good faith and fair dealing, that claim fails for two reasons.

First, because Weiser is not party to the contract between Great American and PHFA, nor a third-party beneficiary, Great American owed him no contractual duty to act in good faith.

*Greater N.Y. Mut. Ins. Co. v. N. River Ins. Co.*, 872 F.Supp. 1403, 1406 (E.D. Pa. 1995) (holding that a parent company did not owe the plaintiff a contractual duty to act in good faith because there was no contractual relationship between the parent company and the plaintiff); *see also Ross v. Canada Life Ass. Co.*, 1996 WL 182561 at *9 (finding that plaintiffs could not maintain a claim for breach of the implied duty of good faith and fair dealing arising from an agreement between the defendant and the defendant's agent because the plaintiffs were neither parties to the contract nor third-party beneficiaries to the agreement).

Second, Weiser's claim for breach of the implied duty of good faith and fair dealing fails with his breach of contract claim because the two claims are based on the same factual allegations. "Pennsylvania law does not recognize a separate breach of the contractual duty of good faith and fair dealing where said claim is subsumed by a separately pled breach of contract claim." *Simmons v. Nationwide Mut. Fire Ins. Co.*, 788 F.Supp.2d 404, 409 (W.D. Pa. 2011); *see also Comcast Spectacor L.P. v. Chubb & Sons, Inc.*, No. 05-1507, 2006 WL 2302686 at *19 (E.D. Pa. Aug. 8, 2006) ("Pennsylvania law does not recognize a separate claim for breach of implied covenant of good faith and fair dealing." (quotation marks omitted)). Because Weiser alleges that Great American violated the duty of good faith and fair dealing by denying benefits under the policy, his bad faith claim is subsumed into the breach of contract claim and fails with that claim. *See Pym v. Einstein Practice Plan, Inc.*, No. 003577 Dec.Term 2003, 2004 WL 2439241 at *1 (Pa. Ct. Comm. Pl. July 21, 2004) ("Since Dr. Pym's breach of contract claim fails, as set forth above, his related claim for breach of the duty of good faith and fair dealing also fails."); *Comcast Spectator L.P.*, 2006 WL 2302686 at *19 (dismissing the claim for breach of implied duty of good faith and fair dealing because the breach of contract claim failed).

IV.

Because Weiser is neither an insured under the relevant portions of the lender-placed policy nor a third-party beneficiary, he cannot assert claims for breach of contract or statutory bad faith. Weiser's claim for common law bad faith fails because Pennsylvania does not recognize such a claim. To the extent that Weiser meant to assert a claim for breach of the implied duty of good faith and fair dealing, that claim fails for the same reasons that Weiser's breach of contract claim fails.

An appropriate order follows.